**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:11CV14** |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM AND ORDER** |
| **$45,000.00 IN UNITED STATES CURRENCY,** | ) | |
| Defendant. | ) | |

This matter is before the Court on the objections (Filing No. 44) to the Findings and Recommendation entered by Magistrate Judge F.A. Gossett filed by the Claimant, Carlos Martins. Judge Gossett recommended that Martins's motion to suppress evidence seized as a result of his August 2, 2010, traffic stop be denied.

## FACTUAL BACKGROUND

The facts have been stated by Judge Gossett in his oral findings of fact and conclusions of law. (Filing No. 43, at 50-53.)

Briefly, Deputy David Wintle of the Douglas County Sheriff's Office, a canine officer, stopped Martins's vehicle because Deputy Wintle could not read the license plate on the rear of the vehicle. Specifically, Deputy Wintle was unable to determine which state issued the plate. The name of the state on the license plate was partially obscured by a rearview mounted video camera. Once Deputy Wintle was close to the pickup, he was able to guess the name of the state on the license plate due to factors such as the number of letters. The stop was completed, and Deputy Wintle deployed his canine, and the dog passively alerted and then indicated near the rear of the pickup. The pickup was searched, and $45,000 in United States currency was found.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## DISCUSSION

The Claimant, Carlos Martins, objects to Judge Gossett's factual finding that the arresting officer could not read the license plate. Martins also objects to several of Judge Gossett's legal conclusions.

NECrimR 72.2(a) states that an objecting party "must specify (1) the parts of the order or findings and recommendations to which the party objects and (2) the legal basis of the objections." Martins has not specified the legal basis for any of his objections.

Martins's objection to Judge Gossett's factual finding that Deputy Wintle could not read the license plate is overruled. Deputy Wintle testified that he could not read the state on the plate, but he guessed the name of the issuing state.

Because Martins has not provided any legal bases for his objections, the Court cannot evaluate those objections.

Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation (Filing No. 40) is adopted in its entirety;

2. The Claimant's objections to the Findings and Recommendation (Filing No. 44) are overruled; and

3. The Claimant's motion to suppress (Filing No. 26) is denied.

DATED this 14th day of February, 2012.

                BY THE COURT:

                s/Laurie Smith Camp
                Chief United States District Judge